UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELSEY SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSURANCE IQ, LLC,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Kelsey Smith, individually and on behalf of others similarly situated, alleges the following against Defendant Assurance IQ, LLC ("Assurance IQ" or "Defendant").

### I.  NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally

COMPLAINT—CLASS ACTION - 1

Turke & Strauss LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

<sub>1</sub>
prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Assurance IQ is an insurance company providing insurance products and services to consumers.

3. To promote these insurance products and services, Assurance IQ uses pre-recorded robocalls.

4. Assurance IQ made unsolicited calls to Plaintiff on her cellular telephone using prerecorded messages.

5. Assurance IQ also made these calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

6. Plaintiff now files this lawsuit seeking injunctive relief, requiring Assurance IQ to stop placing unsolicited telemarketing calls to residential and cellular telephone numbers, and to those numbers listed on the National Do Not Call Registry, as well as an award of statutory damages and costs to class members.

## II. JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Assurance IQ, and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Assurance IQ resides in this District.

## III. PARTIES

9. Plaintiff Kelsey Smith is a citizen of Maryland.

10. Defendant Assurance IQ, LLC is a limited liability company with its principal place of business located at 920 5th Avenue, Suite 3600, Seattle, Washington 98104 in King County. Assurance IQ, thus, is a citizen of Washington.

COMPLAINT—CLASS ACTION - 2

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## IV.  TCPA BACKGROUND

**A.     The TCPA Prohibits Automated Telemarketing Calls**

11.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 614.1200(a)(2).

12.     Similarly, the TCPA also prohibits the initiation of any telemarketing telephone call to a residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 614.1200(a)(3).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1)

COMPLAINT—CLASS ACTION - 3

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.     The National Do Not Call Registry**

17.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

19.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

20.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**V.   FACTUAL ALLEGATIONS**

**A.     Factual Allegations Regarding Defendant**

21.     Assurance IQ provides insurance services to consumers.

22.     One of Assurance IQ's strategies for marketing its insurance services includes the use of prerecorded messages.

COMPLAINT—CLASS ACTION - 4

23. Assurance IQ engages in prerecorded calls to solicit new customers.

24. Recipients of these prerecorded calls, including Plaintiff, did not consent to receive such calls.

**B.     Factual Allegations Regarding Plaintiff**

25. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

26. Plaintiff's telephone number, (XXX) XXX-2291, is assigned to a cellular telephone service.

27. Plaintiff's telephone number was registered on the National Do Not Call Registry on July 9, 2011.

28. Plaintiff's telephone number is for personal use only.

29. Plaintiff's telephone number is not associated with a business.

30. Plaintiff has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

31. Despite this, Plaintiff received multiple prerecorded calls from Assurance IQ starting in September 2020.

32. The calls all used a prerecorded message regarding the sale of insurance.

33. On several occasions, after the prerecorded message played, Plaintiff was connected with a live agent and asked the caller to stop calling.

34. However, the calls continued.

35. Assurance IQ's marketing communications became so frequent that on October 29, 2020, Plaintiff sent an email to the CEO of Assurance IQ, Michael Rowell.

36. In response to her complaints, Assurance IQ finally confirmed in November 2020 that it would stop calling her.

37. Assurance IQ is responsible for making the above-described calls.

COMPLAINT—CLASS ACTION - 5

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

38. Assurance IQ has received multiple complaints about their prerecorded calling process, including from state attorneys general.

39. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Assurance IQ.

## VI. CLASS ACTION ALLEGATIONS

40. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of two classes of all other persons or entities similarly situated throughout the United States (the "Classes").

42. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:**

All persons within the United States: (1) to whose residential or cellular telephone number; (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call; (3) within the four years prior to the filing of the Complaint; and (4) using an identical or substantially similar prerecorded message used to place the telephone call to Plaintiff.

**National Do Not Call Registry Class:**

All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telemarketing call (3) from Defendant (or an agent acting on behalf of Defendant) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

43. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

COMPLAINT—CLASS ACTION - 6

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

45. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

46. The Classes, as defined above, are identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

47. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds since the use of prerecorded messages is typically employed to call *en masse*.

48. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    a. Whether Defendant used prerecorded messages to send calls;

    b. Whether Defendant made calls to Plaintiff and members of the Robocall Class without first obtaining prior express written consent to make the calls;

    c. Whether the Defendant made multiple telephone calls to Plaintiff and members of the National Do Not Call Registry Class;

    d. Whether Defendant's conduct constitutes a violation of the TCPA; and

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

  e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

53. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

54. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

COMPLAINT—CLASS ACTION - 8

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

56. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b) on behalf of the Robocall Class)**

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b), by delivering prerecorded telemarketing messages to the cellular and residential telephone numbers of Plaintiff and members of the Robocall Class.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Robocall Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular and residential telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. If the Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Robocall Class are entitled to an award of up to treble damages.

61. Plaintiff and members of the Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b), by making telemarketing calls to any cellular or residential telephone numbers using an artificial or prerecorded voice in the future.

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227, *et seq.* on behalf of the National Do Not Call Registry Class)**

62.   Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiff and members of the National Do Not Call Registry Class while those persons' telephone numbers were registered on the National Do Not Call Registry.

63.   As a result of the Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

64.   Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

65.   The Defendant's violations were knowing or willful.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.   Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any cellular or residential telephone number using a prerecorded message in the future, or in any call to a residential number on the National Do Not Call Registry;

B.   That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

Turke & Strauss LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 17th day of June, 2021.

TURKE & STRAUSS LLP

By: /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 11

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com