— **EXHIBIT A** —

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELSEY SMITH, DEBRA JONES STEVENSON, FRANK GARRIDO, TAYLOR ARMIGER, and GWENDOLYN THOMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSURANCE IQ, LLC,<br><br>Defendant. | NO. 2:21-cv-00823-JLR<br><br>**FIRST AMENDED COMPLAINT— CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Kelsey Smith, Debra Jones Stevenson, Frank Garrido, Taylor Armiger and Gwendolyn Thompson, individually and on behalf of others similarly situated, ~~alleges~~allege the following against Defendant Assurance IQ, LLC ("Assurance IQ" or "Defendant").

**I. NATURE OF ACTION**

1. As the Supreme Court ~~recently~~has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For

FIRST AMENDED COMPLAINT—CLASS ACTION - 1
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, ~~No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6,~~ 140 S. Ct. 2335, 2343 (2020).

2. Assurance IQ is an insurance company providing insurance products and services to consumers.

3. To promote these insurance products and services, Assurance IQ uses pre-recorded robocalls.

4. Assurance IQ made unsolicited calls to ~~Plaintiff on her cellular telephone~~the Plaintiffs on their telephones using prerecorded messages.

5. Assurance IQ also made these calls to residential telephone numbers, like ~~Plaintiff's~~Plaintiffs Smith and Thompson, that were listed on the National Do Not Call Registry.

6. ~~Plaintiff~~Plaintiffs now ~~files~~file this lawsuit seeking injunctive relief, requiring Assurance IQ to stop placing unsolicited telemarketing calls to residential and cellular telephone numbers, and to those numbers listed on the National Do Not Call Registry, as well as an award of statutory damages and costs to class members.

## II. JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Assurance IQ, and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Assurance IQ resides in this District.

## III. PARTIES

9. Plaintiff Kelsey Smith is a citizen of Maryland.

FIRST AMENDED COMPLAINT—CLASS ACTION - 2
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

10. Plaintiff Debra Jones Stevenson is a citizen of New Jersey.

11. Plaintiff Frank Garrido is a citizen of Florida.

12. Plaintiff Taylor Armiger is a citizen of Florida.

13. Plaintiff Gwendolyn Thompson is a citizen of Missisippi.

~~10.~~14.  Defendant Assurance IQ, LLC is a limited liability company with its principal place of business located at 920 5th Avenue, Suite 3600, Seattle, Washington 98104 in King County.  Assurance IQ, thus, is a citizen of Washington.

## IV.  TCPA BACKGROUND

**A.  The TCPA Prohibits Automated Telemarketing Calls**

~~11.~~15.  The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 614.1200(a)(2).

~~12.~~16.  Similarly, the TCPA also prohibits the initiation of any telemarketing telephone call to a residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 614.1200(a)(3).

~~13.~~17.  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

~~14.~~18.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

FIRST AMENDED COMPLAINT—CLASS ACTION - 3
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

15.19.  The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16.20.  In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.     The National Do Not Call Registry**

17.21.  Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18.22.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19.23.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

FIRST AMENDED COMPLAINT—CLASS ACTION - 4
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

<del>20.</del>24.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendant**

<del>21.</del>25.  Assurance IQ provides insurance services to consumers.

<del>22.</del>26.  One of Assurance IQ's strategies for marketing its insurance services includes the use of prerecorded messages.

<del>23.</del>27.  Assurance IQ engages in prerecorded calls to solicit new customers.

<del>24.</del>28.  Recipients of these prerecorded calls, including <del>Plaintiff</del>Plaintiffs, did not consent to receive such calls.

**B.     Factual Allegations Regarding Plaintiff Smith**

<del>25.</del>29.  Plaintiff Smith is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

<del>26.</del>30.  <del>Plaintiff's</del>Plaintiff Smith's telephone number, (XXX) XXX-2291, is assigned to a cellular telephone service.

<del>27.</del>31.  <del>Plaintiff's</del>Plaintiff Smith's telephone number was registered on the National Do Not Call Registry on July 9, 2011.

<del>28.</del>32.  <del>Plaintiff's</del>Plaintiff Smith's telephone number is for personal use only.

<del>29.</del>33.  <del>Plaintiff's</del>Plaintiff Smith's telephone number is not associated with a business.

<del>30.</del>34.  Plaintiff Smith has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

<del>31.</del>35.  Despite this, Plaintiff Smith received multiple prerecorded calls from Assurance IQ starting in September 2020.

<del>32.</del>36.  The calls all used a prerecorded message regarding the sale of insurance.

FIRST AMENDED COMPLAINT—CLASS ACTION - 5
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  ~~33.~~37.  On several occasions, after the prerecorded message played, Plaintiff Smith was connected with a live agent and asked the caller to stop calling.

~~34.~~38.  However, the calls continued.

~~35.~~39.  Assurance IQ's marketing communications became so frequent that on October 29, 2020, Plaintiff Smith sent an email to the CEO of Assurance IQ, Michael Rowell.

~~36.~~40.  In response to her complaints, Assurance IQ finally confirmed in November 2020 that it would stop calling her.

**C.     Factual Allegations Regarding Plaintiff Stevenson**

41.     Plaintiff Stevenson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

42.     Plaintiff Stevenson's telephone number, (XXX) XXX-5983, is a residential landline.

43.     Plaintiff Stevenson's telephone number is for personal use only.

44.     Plaintiff Stevenson's telephone number is not associated with a business.

45.     Plaintiff Stevenson has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

46.     Despite this, Plaintiff Stevenson received multiple prerecorded calls from Assurance IQ starting in April and May of 2021.

47.     This included calls on April 28, 29, May 19, and 20, 2021.

48.     The calls all used a prerecorded message regarding the sale of insurance.

49.     All of the calls advertise healthinsurance.net, which is owned and operated by Assurance.

50.     As such, the calls were all made to promote Assurance goods and services.

**D.     Factual Allegations Regarding Plaintiff Garrido**

51.     Plaintiff Garrido is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

FIRST AMENDED COMPLAINT—CLASS ACTION - 6
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

52. Plaintiff Garrido's telephone number, (XXX) XXX-1626, is assigned to a cellular telephone service.

53. Plaintiff Garrido has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

54. Despite this, Plaintiff Garrido received a prerecorded call from Assurance IQ on June 11, 2021.

55. The call began with a prerecorded message regarding insurance.

56. The company wasn't identified in the prerecorded message.

57. The Plaintiff Garrido spoke with a telemarketer to identify the company calling.

58. During the call, the Plaintiff Garrido was transferred to an individual who identified herself as "Crystal Edwards", an employee of Assurance.

59. Crystal Edwards provided a callback number of (833) 641-1207.

E. **Factual Allegations Regarding Plaintiff Thompson**

60. Plaintiff Thompson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

61. Plaintiff Thompson's telephone number, (XXX) XXX-3072, is assigned to a cellular telephone service.

62. Plaintiff Thompson's telephone number was registered on the National Do Not Call Registry on April 26, 2021.

63. Plaintiff Thompson's telephone number is for personal use only.

64. Plaintiff Thompson's telephone number is not associated with a business.

65. Plaintiff Thompson has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

66. Despite this, Plaintiff Thompson received multiple prerecorded calls from Assurance IQ in June of 2021.

67. This included calls on June 27 or 28, 2021.

FIRST AMENDED COMPLAINT—CLASS ACTION - 7
Case No. 2:21-cv-00823-JLR

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

68. The calls all used a prerecorded message regarding the sale of insurance.

69. All of the calls advertise lifeinusrance.net, which is owned and operated by Assurance.

### F. Factual Allegations Regarding Plaintiff Armiger

70. Plaintiff Armiger is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

71. Plaintiff Armiger's telephone number, (XXX) XXX-1234, is assigned to a cellular telephone service.

72. Plaintiff Armiger has never been an Assurance IQ customer and never consented to receive calls from Assurance IQ.

73. Despite this, Plaintiff Armiger received multiple prerecorded calls from Assurance IQ in November of 2020.

74. This included calls on November 2, 3, 4, 5, 6, 7, 8, 10, 11 and 12, 2020.

75. The calls all used a prerecorded message regarding the sale of insurance.

76. The calls indicated that the caller is contacting Plaintiff Armiger from Assurance.

77. All of the calls advertise healthinusrance.net, which is owned and operated by Assurance.

78. The calls also left a callback number of (844) 394-0579.

79. Other individuals have indicated that they have received similar unwanted calls:

> They claim I have filled out a health insurance survey and want to sell me insurance, I have not filled out any request for health insurance. I called and they claim this is 3rd party information and they can nothing about it.
> The # that calls is a local # and the automated voice mail is considered not wanted and harassments. I ask them to stop calling and get 2-3 calls a week.
>
> *Caller: Assurance Insurance*

FIRST AMENDED COMPLAINT—CLASS ACTION - 8
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  *Call type: Unwanted*

2  *See* https://800notes.com/Phone.aspx/1-844-394-0579 (last visited October 11, 2021).

3  ~~37.~~80.  Assurance IQ is responsible for making the above-described calls.

4  ~~38.~~81.  Assurance IQ has received multiple complaints about their prerecorded calling

5  process, including from state attorneys general.

6  ~~39.~~82.  ~~Plaintiff~~Plaintiffs and other individuals who received these calls suffered an

7  invasion of privacy and were harassed by the conduct of Assurance IQ.

## VI.  CLASS ACTION ALLEGATIONS

9  ~~40.~~83.  ~~Plaintiff incorporates~~Plaintiffs incorporate by reference all other paragraphs of

10  this Complaint as if fully stated herein.

11  ~~41.~~84.  As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil

12  Procedure, ~~Plaintiff brings~~Plaintiffs bring this action on behalf of two classes of all other

13  persons or entities similarly situated throughout the United States (the "Classes").

14  ~~42.~~85.  ~~Plaintiff proposes~~Plaintiffs propose the following Class definitions, subject to

15  amendment as appropriate:

**Robocall Class:**

All persons within the United States: (1) to whose residential or cellular telephone number; (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call; (3) within the four years prior to the filing of the Complaint; ~~and~~ (4) using ~~an identical or substantially similar~~a prerecorded ~~message used to place~~voice, and (5) after obtaining the telephone ~~call to Plaintiff~~number from the same source from which it obtained Plaintiffs' telephone numbers.

**National Do Not Call Registry Class:**

All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telemarketing call (3) from Defendant (or an agent acting on behalf of Defendant) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint, and (6) after obtaining the telephone number from

FIRST AMENDED COMPLAINT—CLASS ACTION - 9
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1        the same source from which it obtained Plaintiffs' telephone numbers.

2     43.86. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

    44.87. Plaintiff is a memberSmith and Thompson are members of andthe National Do Not Call Registry Class. All Plaintiffs are members of the Robocall Class. Plaintiffs will fairly and adequately represent and protect the interests of the Classes as she hasthey have no interests that conflict with any of the Class members.

    45.88. PlaintiffPlaintiffs and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

    46.89. The Classes, as defined above, are identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

    47.90. Plaintiff doesPlaintiffs do not know the exact number of members in the Classes, but Plaintiff reasonably believesthey reasonable believe that Class members number, at minimum, in the hundreds since the use of prerecorded messages is typically employed to call *en masse*.

    48.91. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

    49.92. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

    50.93. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

    51.94. There are numerous questions of law and fact common to PlaintiffPlaintiffs and to the proposed Classes, including but not limited to the following:

Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

a. Whether Defendant used prerecorded messages to send calls;

b. Whether Defendant made calls to ~~Plaintiff~~Plaintiffs and members of the Robocall Class without first obtaining prior express written consent to make the calls;

c. Whether the Defendant made multiple telephone calls to ~~Plaintiff~~Plaintiffs Smith and Thompson and members of the National Do Not Call Registry Class;

d. Whether Defendant's conduct constitutes a violation of the TCPA; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

~~52.~~95.  ~~Plaintiff's~~Plaintiffs' claims are typical of the claims of the Classes. ~~Plaintiff's~~Plaintiffs' claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

~~53.~~96.  ~~Plaintiff~~Plaintiffs will fairly and adequately protect the interests of the Classes. ~~Plaintiff has~~Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. ~~Plaintiff~~Plaintiffs and ~~her~~their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither ~~Plaintiff~~Plaintiffs nor ~~her~~their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

~~54.~~97.  Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

~~55.~~98.  A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to

FIRST AMENDED COMPLAINT—CLASS ACTION - 11
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

~~56.~~99.  Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b) on behalf of Plaintiffs and the Robocall Class)**

~~57.~~100.       ~~Plaintiff incorporates~~Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

~~58.~~101.       The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b), by delivering prerecorded telemarketing messages to the cellular and residential telephone numbers of ~~Plaintiff~~Plaintiffs and members of the Robocall Class.

~~59.~~102.       As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, ~~Plaintiff~~Plaintiffs and members of the Robocall Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular and residential telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

~~60.~~103.       If the Defendant's conduct is found to be knowing or willful, ~~Plaintiff~~Plaintiffs and members of the Robocall Class are entitled to an award of up to treble damages.

FIRST AMENDED COMPLAINT—CLASS ACTION - 12
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

61. 104.     PlaintiffPlaintiffs and members of the Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b), by making telemarketing calls to any cellular or residential telephone numbers using an artificial or prerecorded voice in the future.

**SECOND CAUSE OF ACTION**
Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227, *et seq.* on behalf of Plaintiffs Smith and Thompson and the National Do Not Call Registry Class)

62. 105.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiff Smith and Thompson and members of the National Do Not Call Registry Class while those persons' telephone numbers were registered on the National Do Not Call Registry.

63. 106.     As a result of the Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff Smith and Thompson and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

64. 107.     Plaintiff Smith and Thompson and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

65. 108.     The Defendant's violations were knowing or willful.

**VII.  PRAYER FOR RELIEF**

**WHEREFORE**, PlaintiffPlaintiffs, individually and on behalf of the Classes, prays for the following relief:

FIRST AMENDED COMPLAINT—CLASS ACTION - 13
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

     A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any cellular or residential telephone number using a prerecorded message in the future, or in any call to a residential number on the National Do Not Call Registry;

     B.     That the Court enter a judgment awarding ~~Plaintiff~~Plaintiffs and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

     C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that ~~Plaintiff is~~Plaintiffs are a proper representative of the Classes, and appointing the lawyers and law firms representing ~~Plaintiff~~Plaintiffs as counsel for the Classes;

     D.     Such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

~~Plaintiff~~Plaintiffs hereby ~~demands~~demand a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 12th day of October, 2021.

TURKE & STRAUSS LLP

By: /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

FIRST AMENDED COMPLAINT—CLASS ACTION - 14
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1
2
3  *Attorneys for Plaintiff*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

FIRST AMENDED COMPLAINT—CLASS ACTION - 15
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

# CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> John Du Wors
> NEWMAN DU WORS LLP
> 2101 Fourth Avenue, Suite 1500
> Seattle, Washington 98121
> Telephone: (206) 274-2800
> Facsimile: (206) 274-2801
> Email: john@newmanlaw.com
>
> *Attorneys for Defendant*

DATED this 12th day of October, 2021.

> TURKE & STRAUSS LLP
>
> By:   /s/ Samuel J. Strauss, WSBA #46971
>         Samuel J. Strauss, WSBA #46971
>         Email:  sam@turkestrauss.com
>         613 Williamson St., Suite 201
>         Madison, Wisconsin 53703
>         Telephone: (608) 237-1775
>         Facsimile:  (608) 509-4423

FIRST AMENDED COMPLAINT—CLASS ACTION - 16
Case No. 2:21-cv-00823-JLR

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com