John Newman
NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH ROGERS DEBRA JONES STEVENSON, FRANK GARRIDO, TAYLOR ARMIGER, AND GWENDOLYN THOMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSURANCE IQ, LLC and BOOMSOURCING, LLC,<br><br>Defendants. | Case No. 2:21-cv-00823-TL<br><br>**ASSURANCE IQ, LLC'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

1

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

**N**OTICE OF **M**OTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on July 15, 2022, or as soon thereafter as the matter may be heard in the above-entitled court, located at 700 Stewart Street, Seattle, Washington, 98101, defendant Assurance IQ, LLC ("Assurance") will move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Second Amended Complaint fails to state a claim as a matter of law.

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

2

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") should be dismissed because Plaintiffs fail to state plausible claims for relief or to allege sufficient facts supporting such claims.

Plaintiffs have tried, and failed, three times to try to maintain an action in this matter. Kelsey Smith filed the initial Complaint. But evidence quickly showed that Kelsey Smith *did not receive a call* from Assurance—she only received emails, which are not covered by the TCPA. Next was the Amended Complaint. In the Amended Complaint, five Plaintiffs alleged that Assurance directly called them on certain dates in violation of the TCPA. But discovery, again, quickly contradicted some of the allegations in the Amended Complaint. Undeterred, Plaintiffs are trying *again* with a Second Amended Complaint. This Complaint adds as a party one of two alleged calling parties. But this Second Amended Complaint fares no better than the first two complaints that came before. As discussed below, the allegations are insufficient under the Federal Rules to sustain this action against Assurance. For the reasons outlined below, this case should be dismissed.

## II.   FACTUAL BACKGROUND

Former Plaintiff Kelsey Smith filed this boiler-plate TCPA lawsuit on June 17, 2021, against Assurance. She alleged that she has never been an Assurance customer and never consented to receive calls from Assurance. ECF No. 1, ¶ 30. She claimed that she received multiple prerecorded calls from Assurance and "on several occasions, after the prerecorded message played, Plaintiff Smith was connected with a live agent and asked the caller to stop calling." *Id.* ¶ 32-33. After evidence did not show any calls, let alone instances where she had spoken with any Assurance agents, her case was dropped.

Five new Plaintiffs then filed an Amended Complaint. ECF No. 35. This Complaint alleged, *inter alia*, that "Assurance IQ made unsolicited calls to the Plaintiffs on their telephones using prerecorded voices." *Id.* ¶ 4.

On April 26, 2022, Plaintiffs filed a Second Amended Complaint. ECF No. 48. Like their

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

3

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

first two complaints, the Second Amended Complaint is long on conclusions and speculation but short on actual facts. In pertinent part, as to Plaintiff Rogers, he alleges:

> (1) his telephone number is assigned to a cellular telephone service,
> (2) his telephone number was registered on the National Do Not Call Registry on January 14, 2008,
> (3) his telephone number is for personal use only and not associated with a business,
> (4) he never consented to receive calls from Assurance,
> (5) he received 17 prerecorded calls from Assurance,
> (6) Boomsourcing dialed those calls,
> (7) each call used a prerecorded message regarding the sale of insurance.

SAC ¶¶ 33-40.

> Plaintiff Stevenson alleges:
>
> (1) her telephone number is assigned to a residential landline,
> (2) her telephone number is for personal use only and not associated with a business,
> (3) she never consented to receive calls from Assurance,
> (4) she received multiple prerecorded calls from Assurance,
> (5) Boomsourcing dialed those calls,
> (6) each call used a prerecorded message regarding the sale of insurance.

SAC ¶¶ 43-50.

> Plaintiff Garrido's alleges:
>
> (1) his telephone number is assigned to a cellular telephone service,
> (2) he never consented to receive calls from Assurance,
> (3) he received a prerecorded call from Assurance,
> (4) the call was physically dialed by a call center utilized by Torchlight Technology Group, LLC
> (5) the call began with a prerecorded message regarding the sale of insurance, and Plaintiff Garrido spoke with a telemarketer during that call and was transferred to "an employee of Assurance."

SAC ¶¶ 54-61.

> Plaintiff Thompson alleges:
>
> (1) her telephone number is assigned to a cellular telephone service,
> (2) her telephone number was registered on the National Do Not Call Registry on April 26, 2021,
> (3) her telephone number is for personal use only and not associated with a business,
> (4) she never consented to receive calls from Assurance,
> (5) she received multiple prerecorded calls from Assurance,
> (6) Boomsourcing dialed those calls,
> (7) each call used a prerecorded message regarding the sale of insurance.

SAC ¶¶ 64-73.

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

4

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

Plaintiff Arminger alleges:

(1) his telephone number is assigned to a cellular telephone service,
(2) he never consented to receive calls from Assurance,
(3) he received multiple prerecorded calls from Assurance,
(4) Boomsourcing dialed those calls,
(5) each call used a prerecorded message regarding the sale of insurance.

SAC ¶¶ 75-83.

All Plaintiffs allege that either Boomsourcing or Torchlight dialed the calls. SAC ¶¶ 39, 49, 57, 72, 81. They allege that Assurance "instructed Boomsourcing on which individuals to call," provided Boomsourcing with phone numbers, instructed Boomsourcing to use a pre-recorded message on the calls, and approved the script used by Boomsourcing. SAC ¶¶ 92-95. As to Torchlight, Plaintiffs allege that Assurance only allowed Torchlight to call individuals who were insured with certain companies, lived in certain locations and "other criteria." SAC ¶ 97. They also conclusorily allege that Assurance maintained interim control over Torchlight by giving instructions as to the dates and times of the calls and how to transfer an interested customer. SAC ¶¶ 98-99.

While many of these allegations are incorrect, for purposes of this Motion to Dismiss, it is enough that these allegations, even accepted as true, are insufficient to state a claim against Assurance.

## III.   LEGAL STANDARD

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. A legal claim brought in federal court mandates the pleading of sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions do not suffice, need not be taken as true, and will not prevent dismissal. *Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

5

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

## IV. ARGUMENT

### A. THE SAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.

In Count I of the Second Amended Complaint (*see* ¶¶ 119-122), Plaintiffs seek relief under Section 227(b) of the TCPA. The relevant portion of Section 227(b) provides that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2).

In Count II of the Second Amended Complaint (*see* ¶¶ 123-126), Plaintiff Rogers and Plaintiff Thompson seek relief under the National DNC Registry provision in Section 227(c) of the TCPA. This Section prohibits the "initiat[ion]" of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Plaintiffs fail to plead sufficient facts to state a claim as to either Count I or Count II.

### 1. Plaintiffs Fail to Plead Facts Supporting The Use of a "Prerecorded" Voice (Count I).

Plaintiffs' allegations that the calls at issue were "prerecorded" should be rejected.

Under 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs must sufficiently allege that they received a "prerecorded" message and "must include some factual allegations beyond 'the call had a prerecorded voice.'" *Smith v. Pro Custom Solar LLC*, No. 19-20673, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). TCPA Complaints must contain allegations "regarding the tenor, nature, or circumstances of the alleged calls" and must not "merely proffer[] the content of the message and conclusory allege[] that Defendant utilized a pre-recorded message." *Manopla v. Sansone Jr.'s 66 Automall*, No. 3:2019-cv-16522, 2020 WL 1975834, at *2 (D. N.J. Jan. 10, 2020); *Rahimian v. Rachel Adriano and Juan Martinez, Inc.*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *2-3 (D. Nev. Mar. 16, 2022) (dismissing conclusory allegations of "using a

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

6

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

prerecorded voice"); *Aaronson v CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *3 (E.D. Va. April 15, 2019) ("It is clear that there is no basis in the Complaint on which to conclude that the calls at issue used an artificial or prerecorded voice.").

Plaintiffs' Second Amended Complaint alleges in a few different places that "[t]he calls all used a prerecorded message regarding the sale of insurance." *See* SAC ¶¶ 38, 40, 47, 50, 56, 69, 71, 77, 79. However, the "fact" that there was a call regarding the "sale of insurance" does not provide any basis for this Court to reasonably infer that the "voice" Plaintiffs allegedly heard was prerecorded as opposed to live. The above-cited cases show that Plaintiffs' conclusory allegations do not satisfy federal pleading standards and warrant dismissal under Rule 12(b)(6).

2. <u>Plaintiff Rogers and Thompson Fail to Plead Facts Supporting Their DNC Claim (Count II).</u>

Plaintiffs Rogers and Thompson have failed to sufficiently plead a violation of Section 227(c) for at least two reasons.

First, Section 227(c)(5) only applies to subscribers of "residential" phones. 47 U.S.C. § 227(c)(5). Plaintiffs Rogers and Thompson, the two Plaintiffs seeking to represent a DNC class, allege that their phone numbers are "used for personal purposes." SAC ¶¶ 35, 45, 67. These Plaintiffs do not allege that they are "residential" telephone numbers.[1] Courts throughout the country recognize that this is insufficient to state a claim upon which relief can be granted. *See, e.g.*, *Hicks v. Alarm.com, Inc.*, No. 1:20-cv-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing on a motion to dismiss where the plaintiff only alleged that his cell phone was "not associated with a business and is for personal use"); *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-cv-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim" under Section 227(c) of the TCPA); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("Courts have interpreted the 'residential telephone

---

[1] Significantly, Plaintiff Stephenson alleges that her phone was used for residential purposes despite not being a proposed member of the DNC class. SAC ¶ 43. That Plaintiff Stephenson alleges that her phone number is residential and Plaintiffs Rogers and Thompson do not further negates any reasonable inference that Plaintiffs Rogers and Thompson are using residential telephone numbers that are protected under this provision of the TCPA.

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

7

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

subscriber' element to require proof that the number called was used for 'residential purposes.'"). Count II should be dismissed for this reason alone.

Second, the statute protects a "residential telephone subscriber who has registered his or her telephone number" on the Registry. 47 C.F.R. §64.1200(c)(2). The plain language requires an allegation that the individual actually register his or her telephone number on the DNC list. Plaintiffs Rogers and Thompson do not allege that they registered their own phone numbers on the Registry, only that this number is "on the National Do Not Call Registry, and has been since [January 14, 2008 and April 26, 2021.]" SAC ¶¶ 34, 65.

Plaintiffs' National DNC Registry claims should be dismissed for these two reasons.

3.      Plaintiffs Fail to Plead Facts Supporting Vicarious TCPA Liability.

The Second Amended Complaint does not allege sufficient allegations to state a claim on the issue of vicarious liability. For a person or entity to be liable under the TCPA, the person or entity "must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC*, 19-cv-02318-DMR, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quotation omitted).

Direct liability under the TCPA applies only to persons or entities that "initiate" or "physically place" a call. *Sheski v. Shopify (USA) Inc.*, No. 19-cv-06858, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citation omitted). Here, Plaintiffs make no allegations of direct TCPA liability against Assurance and instead allege that Boomsourcing or Torchlight physically dialed the calls. SAC ¶¶ 30, 39, 49, 57, 72, 81.

Plaintiffs' allegations of vicarious liability are not adequately pled and should be dismissed under Rule 12(b)(6). Vicarious liability requires an agency relationship. *See* Restatement (3d) of Agency ("Restatement") § 1.01, cmt. c ("[T]he concept of agency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

8

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, No. 17-cv-4813-PJH, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)).

In TCPA cases, vicarious liability cannot attach without control. *Jones v. Royal Admin. Svcs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). Plaintiffs "must allege some facts regarding the relationship between an alleged principal and agent" showing that the defendant had the right to control the caller and "cannot simply allege general control in a vacuum." *Winters v. Grand Caribbean Cruises, Inc.*, No. CV-20-02320, 2021 WL 3709853 (D. AZ. Aug. 20, 2021).

Courts dismiss TCPA claims based on vicarious liability where, as here, the plaintiff fails to allege sufficient facts establishing an agency relationship with or control over a purported agent. *See Fabricant v. Elavon, Inc.*, No. 2:20-02960-SVW-MAA, 2020 WL 11884505 (C.D. Cal. Aug. 25, 2020); *Naiman*, No. 17-cv-4813-PJH, 2017 WL 5992123; *Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller and plead "virtually no allegations regarding the relationship" between defendant and caller).

In *Naiman*, the court rejected a claim of vicarious liability at the pleading stage where allegations supporting the claim were nearly identical to those before this Court. Specifically, the plaintiff in *Naiman* identified a telemarketing agreement between the alleged principal and agent and asserted that the alleged principal:

> (1) had control over the alleged agent's actions, including the ability to prohibit the agent from using an ATDS;
> (2) decided whether—and under what circumstances—it would accept a customer generated by the agent;
> (3) instructed the agent as to the volume of calling;
> (4) knowingly and actively accepted the business generated by the alleged agent; and
> (5) manifested assent to another person that the agent is acting on the principal's behalf.

*Id*. at *3. The court explained that these allegations were not supported by facts that showed "how

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

9

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

[the alleged principal] did those things or how it knew those things," and were therefore insufficient to allow the court to plausibly infer a theory of vicarious liability. *Id*. at *13 (emphasis added).

Similarly, in *Fabricant*, Plaintiff alleged that Digitech "was contractually required to promote Elavon products on their telemarketing calls" and that:

> (1) "Elavon maintained interim control over Digitech['s] actions . . . [and] day-to-day control over Digitech['s] actions, including the ability to prohibit it from using an ATDS";
> (2) "Elavon had absolute control over whether, and under what circumstances, it would accept a customer";
> (3) "Elavon [ ] gave interim instructions to Digitech Payments by providing the volume of calling and leads it would purchase";
> (4) "Elavon was knowingly and actively accepting the business that originated through the illegal telemarketing calls"; and
> (5) "Elavon 'manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf."

2020 WL 11884505, at *5. The court there found that, as in *Naiman*, the allegations are not supported by facts that show "how [Elavon] did those things or how it knew those things." *Id.*

Here, Plaintiffs do not allege the "essential ingredient" of control over either Boomsourcing or Torchlight Technology. The Second Amended Complaint alleges that Assurance "instructed Boomsourcing on what individuals to call," "provided Boomsourcing with the phone numbers to call," and "approved the pre-recorded script." SAC ¶¶ 93-95. Even if these allegations are accepted as true, they do not rise to the level of vicarious liability. *See Fabricant*, 2020 WL 11884505, *Naiman*, 2017 WL 5992123; *Canary v. Youngevity Intern., Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343 (N.D. Ca., March 20, 2019) (dismissing TCPA claim based on vicarious liability where Defendant "created, in part, [the script]"). Plaintiffs' allegations are conclusory and not sufficient to allege vicarious liability.

Plaintiffs' allegations as to Torchlight are even more threadbare. Plaintiffs allege that "Assurance IQ is also liable for the telemarketing conduct facilitated by Torchlight Technology, which it hired to generate new insurance leads." SAC ¶ 96. Such conclusory allegations without factual enhancement will not suffice to defeat a motion to dismiss. *See Twombly*, 550 U.S. at 556-57. Plaintiffs' allegations that Assurance allowed Torchlight Technology to call individuals

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

10

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

who were insured by certain companies and lived in certain geographic regions, and "other criteria related" to the insurance that could be offered, SAC ¶ 97, falls short of the type of control required for various liability. *See Fabricant*, 2020 WL 11884505, *Naiman*, 2017 WL 5992123.

Plaintiffs fail to allege with any supporting facts, for example, that: (1) Assurance had a relationship with any third party that made the calls; (2) Assurance exerted control over that party or the calls; (3) that party was operating as part of Assurance's business; or (4) Assurance and that third party maintained a long-term or permanent working relationship—or any kind of relationship at all, for that matter. *See, e.g.*, *Jones*, 887 F.3d at 450 (analyzing these and other factors holding that a seller was not vicariously liable for telemarketer's alleged TCPA violations); *Monitronics*, 223 F. Supp. 3d at 520 (discussing similar factors). And even as to the conclusory allegations, Plaintiffs do not allege "how [the alleged principal] did those things or how it knew those things." *Naiman*, 2017 WL 5992123, at *1.

Therefore, to the extent Plaintiff is now seeking to hold Assurance vicariously liable, the Second Amended Complaint falls short of satisfying federal pleading requirements.

4.  <u>Plaintiffs Fail to Plead Facts Suggesting a "Willful" or "Knowing" Violation.</u>

The TCPA allows for an award of treble damages for providing that a violation was "willful" or "knowing." Plaintiffs make one conclusory allegation that the purported TCPA violations were "willful" or "knowing." *See* SAC ¶ 126. This is insufficient under federal pleading standards and cannot survive dismissal. *See, e.g.*, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *2, n.3 (S.D. Ohio Nov. 3, 2020) (holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation").

While the TCPA does not define what constitutes a knowing or willful violation, the standard is not determinative as to this Motion. Plaintiffs' allegation in one sentence that the calls were "knowing" or "willful" fails to state a claim and should be dismissed.

**B.  THE SAC SHOULD BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFFS HAVE NOT ALLEGED SUFFICIENT FACTS TO DEMONSTRATE ARTICLE III STANDING FOR INJUNCTIVE RELIEF.**

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

11

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

Plaintiff does not adequately allege entitlement to injunctive relief.

Plaintiffs must plead plausible facts suggesting there are "continuing, present adverse effects" of the alleged misconduct to establish Article III standing to seek injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). In other words, a risk of future injury is required to adequately plead injunctive relief. *See, e.g.*, *Jones v. Nutiva, Inc.*, No. 16-CV-00711-HSG, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017) ("The Court also previously dismissed Plaintiffs' request for injunctive relief because Plaintiffs failed to allege that they are at risk of future injury."); *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 825 (N.D. Cal. 2017) ("The Court finds that the Plaintiffs have not alleged a real threat of future injury and therefore do not have standing to seek injunctive relief.").

Here, Plaintiffs generally seek injunctive relief. *See* SAC ¶ 6 ("Plaintiffs now file this lawsuit seeking injunctive relief. . ."), *id.* ¶ 117 ("Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief . . appropriate. . ."), *id.* ¶ 122 (Plaintiffs and members of the Robocall class are also entitled to and do seek injunctive relief. . ."), *id.* ¶ 125 ("Plaintiffs [] are also entitled to and do seek injunctive relief . . ."), *id.* ¶ Prayer for Relief (d) ("Plaintiffs . . . pray for the following relief: A. Injunctive relief. . ."). However, they do not allege any threat of future injury, and thus Plaintiffs' request for injunctive relief should be dismissed. *See, e.g.*, *Miller v. Time Warner Cable Inc.*, No. 8:16-cv-00329-CAS, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

### C. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

This Court should dismiss the SAC with prejudice. Courts in the Ninth Circuit and elsewhere dismiss complaints with prejudice pursuant to Rule 12(b)(6) where, as here, a plaintiff already had a chance to amend and amendment failed to cure the complaint's deficiencies. *See, e.g.*, *Frame v. Cal. Reconveyance Corp.*, No. CV-11-0201-PHX-JAT, 2011 WL 3876012, at *3 (D. Ariz. Sept. 2, 2011) (dismissing with prejudice where "despite the benefit and existence of fully-briefed motions to dismiss, [p]laintiff's First Amended Complaint fail[ed] to cure the deficiencies noticed in [d]efendants' prior motions").

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823

12

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

In this case, Plaintiffs have already amended their complaint twice and have not cured any of the fatal defects identified above. Granting leave to amend a Third Amended Complaint would be futile.

**V.    CONCLUSION**

Assurance respectfully requests that this Court dismiss Plaintiffs' claims with prejudice.

DATED: June 23, 2022.

/s/ *John Du Wors*
John Du Wors, WSBA No. 33987
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone:    (206) 274-2800
Facsimile:     (206) 274-2801
Email: john@newmanlaw.com


*/s/ Nathan L. Garroway*
Nathan L. Garroway (pro hac vice)
Mark A. Silver (pro hac vice)
Dentons US LLP
303 Peachtree St. NE, Suite 5300
Atlanta, GA 30308
Telephone:    (404) 527-4000
Facsimile:     (404) 527-4198
Email: nathan.garroway@dentons.com
           mark.silver@dentons.com


*Attorney for Defendant Assurance IQ, LLC*

ASSURANCE'S MOT. TO DISMISS:
CASE NO. 2:21-CV-00823                          13

NEWMAN + DUWORS
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that that a copy of the foregoing ASSURANCE IQ, LLC'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES was served via e-filing on all counsel of record in this matter.

Executed on the 23rd day of June, 2022.

>   */s/ Mark A. Silver*
>   Mark A. Silver

MOTION TO DISMISS:
CASE NO. 2:21-CV-00823

14

**NEWMAN + DUWORS**
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2834
Email: john@newmanlaw.com