UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH ROGERS, DEBRA JONES STEVENSON, and TAYLOR ARMIGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSURANCE IQ, LLC,<br><br>Defendant. | CASE NO. 2:21-cv-00823-TL<br><br>ORDER ON MOTION TO SEAL |

This matter is before the Court on Plaintiffs' Motion to File Certain Allegations in the Third Amended Complaint Under Seal or to File the Same Publicly. Dkt. No. 68. Having reviewed Defendant's response (Dkt. No. 77) and the relevant record, the Court DENIES the motion.

I.   BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to this motion, on April 26, 2023, Plaintiffs filed a Third Amended Complaint ("TAC"). Dkt. Nos. 69 (sealed), 70 (redacted). On the same day, Plaintiffs filed the instant motion to seal paragraphs 36–37, 40–41, and 91–104 in the TAC. Dkt. No. 68. Plaintiffs state that these allegations are derived from discovery designated by Defendant as "confidential" pursuant to the Parties' stipulated protective order. *Id.* at 1. The discovery documents include "[Defendant]'s contract with its call center

vendor Boomsourcing LLC as well as various email communications between those entities concerning the calls Boomsourcing LLC placed on [Defendant]'s behalf." *Id.* However, Plaintiffs argue that the allegations should *not* be sealed. *Id.* at 2. Defendants argue that the allegations should indeed be sealed. Dkt. No. 77.

## II.  LEGAL STANDARD

There is a strong presumption of public access to court-filed documents. LCR 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case" must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180. For example, courts generally consider the complaint to be "dispositive" in this context. *See, e.g.*, *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. C17-1436, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017) (denying *ex parte* motion to seal case).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

## III.  DISCUSSION

Defendant argues that the redacted allegations in the TAC should remain sealed because "the contract between [Defendant] and Boomsourcing, LLC expressly requires that [Defendant] maintain all terms of the agreement confidential." Dkt. No. 77 at 2.

The Court finds that Defendant has not justified its request to seal the redacted allegations. A portion of Defendant's request is directly undermined by unredacted portions of the TAC that meaningfully relate to the sealed material. For example, the TAC already publicly discloses the following information, which Defendant does *not* seek to seal:

- Defendant "hires third-parties [sic] to place prerecorded calls on its behalf," and it specifically "hired Boomsourcing to place prerecorded calls on [its] behalf." Dkt. No. 69 ¶¶ 34–35.

- "In the Perfect Pitch soundboard system, an agent on the call presses buttons on a computer to play pre-scripted and prerecorded audio files to the called party rather than speaking during the call." *Id.* ¶ 38.

- "Boomsourcing's own website explains that its callas [sic] are placed using soundboard technology." *Id.* ¶ 39. "Soundboard calls convey prerecorded messages . . . ." *Id.*

- "When Boomsourcing placed calls on behalf of [Defendant], its agents pressed buttons on their computer screen to play those audio files rather than speaking to the called party." *Id.* ¶ 42.

- Boomsourcing made calls to Plaintiffs using the Pitch Perfect system. *Id.* ¶¶ 53, 64, 74.

These allegations surround Paragraphs 36–37 and 40–41, and they directly and substantially relate to the content of those paragraphs as well as paragraphs 91–92 and 99–101. Considering this substantial public disclosure, Defendant does not identify any legitimate interest to maintain these paragraphs under seal, nor does it explain what injury will result if the paragraphs are unsealed. LCR 5(g)(3)(B)(i)–(ii).

The additional paragraphs provide additional details regarding the relationship between Defendant and Boomsourcing that are related to the above disclosed allegations but less directly so. Dkt. No. 69 ¶¶ 93–98, 102–04. These paragraphs do not directly quote the contract, nor do they disclose specific financial terms, technologies, individuals, or other proprietary information.

Instead, the paragraphs describe, in generic terms, the working relationship between Defendant and Boomsourcing, already publicly identified as a third-party vendor hired by Defendant to make prerecorded telemarketing calls. *See, e.g.*, Dkt. No. 69 ¶ 4. It is not evident to the Court how these abbreviated and generic descriptions are unique to these parties or this action. Nor does Defendant make any effort to explain how the disclosure of these descriptions would harm Defendant's (or Boomsourcing's) "competitive standing" or otherwise cause injury to either party. LCR 5(g)(3)(b)(ii); *FTC v. Qualcomm Inc.*, No. 17-220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019); *see also, e.g.*, *Kelly v. McClatchy Co. LLC*, No. C21-1960, 2022 WL 14128334, at *2 (E.D. Cal. Oct. 24, 2022) ("If defendant contends that public disclosure of its vendors Do Not Call policy will cause defendant harm, it is required to provide a factual basis for that assertion. Defendant has made no effort to do so here."). Indeed, Defendant's entire response is a single paragraph consisting of four sentences. The first two sentences cite the legal standard, the third merely asserts that the contract between Defendant and Boomsourcing requires the terms be kept confidential, and the fourth asserts that the third sentence suffices to show a compelling reason to maintain the confidentiality of the allegations. It does not.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to File Certain Allegations in the Third Amended Complaint Under Seal or to File the Same Publicly (Dkt. No. 68) is DENIED. The Clerk SHALL promptly unseal the document filed at Docket No. 69.

Dated this 2nd day of January 2024.

Tana Lin
United States District Judge