UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH ROGERS, DEBRA JONES STEVENSON, and TAYLOR ARMIGER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>ASSURANCE IQ, LLC,<br><br>    Defendant. | CASE NO. 2:21-cv-00823-TL<br><br>ORDER ON MOTIONS TO SEAL |

This matter is before the Court on the Parties' motions to seal portions of their briefing on the pending motion to dismiss. Dkt. Nos. 73, 76, 78. Having reviewed Defendant's response (Dkt. No. 77) and the relevant record, the Court DENIES the motions.

The Court assumes familiarity with the facts of the case. Relevant to this motion, on June 26, 2023, Defendant filed a motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). Dkt. Nos. 72 (sealed), 103 (redacted). Plaintiffs filed a response. Dkt. Nos. 74 (sealed), 75 (redacted). Defendants replied. Dkt. Nos. 80 (sealed), 79 (redacted).

1  Defendants filed two of the instant motions to seal portions of its motion and reply. Dkt.
2  Nos. 76, 78. Plaintiff filed one of the instant motions to seal portions of its response, to which
3  Defendants responded. Dkt. Nos. 73, 77. All the motions are virtually identical and state that
4  several allegations in the TAC (referred to in the briefing) contain information from discovery
5  materials designated as "confidential," including "[Defendant's] contract with its call center
6  vendor Boomsourcing LLC as well as various email communications between those entities
7  concerning the calls Boomsourcing LLC placed on [Defendant]'s behalf." Dkt. No. 76 at 2; Dkt.
8  No. 73 at 2; Dkt. No. 78 at 2. Defendant adds that its contract with Boomsourcing "expressly
9  requires that [Defendant] maintain all terms of the agreement confidential." Dkt. No. 77 at 2.

10  The material the Parties seek to seal is the same material that the Court addressed in its
11  prior Order on a different motion to seal. *See* Dkt. No. 101. There, the Court denied the motion
12  because the subject allegations in the TAC were substantially revealed by unredacted portions of
13  the TAC, or consisted of generic descriptions for which Defendant did not demonstrate the harm
14  of disclosure. *Id.* at 3–4. Here, the Parties have redacted either direct quotes of those same
15  allegations, or descriptions of or references to those allegations. Therefore, for the same reasons
16  stated in the previous Order (which the Court incorporates and will not repeat here), Defendant
17  has not demonstrated compelling reasons to maintain the confidentiality of this material.

18  Accordingly, the Parties' motions to seal (Dkt. Nos. 73, 76, 78) are DENIED. The Clerk
19  SHALL promptly unseal the documents filed at Docket Nos. 72, 74, and 80.

20  Dated this 4th day of January 2024.

Tana Lin
United States District Judge